Jackson v 681 Fillmore, LLC (2022 NY Slip Op 07356)

Jackson v 681 Fillmore, LLC

2022 NY Slip Op 07356

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND WINSLOW, JJ.

826 CA 21-01170

[*1]DAWN M. JACKSON, PLAINTIFF-RESPONDENT,
v
681 FILLMORE, LLC, GORDON FILLMORE, LLC, WESTERN NEW YORK CHECK SERVICES, LLC, AND FILLMORE WINE AND LIQUOR, DEFENDANTS-APPELLANTS. 

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (KARL E. DANIEL OF COUNSEL), FOR DEFENDANTS-APPELLANTS 681 FILLMORE, LLC, GORDON FILLMORE, LLC AND FILLMORE WINE AND LIQUOR.
HURWITZ & FINE, P.C., BUFFALO (V. CHRISTOPHER POTENZA OF COUNSEL), FOR DEFENDANT-APPELLANT WESTERN NEW YORK CHECK SERVICES, LLC. 
 

 Appeals from an order of the Supreme Court, Erie County (E. Jeannette Ogden, J.), entered August 16, 2021. The order, inter alia, denied the motions of defendants for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action to recover damages for injuries that she allegedly sustained when she slipped and fell on the sidewalk in front of premises owned or operated by defendants. Supreme Court denied defendants' respective motions for summary judgment dismissing, inter alia, the complaint against them. We affirm.
Contrary to defendants' contentions, we conclude that the court properly denied their motions inasmuch as they failed to meet their initial burden of establishing that plaintiff's injuries were caused by a storm in progress (see Walter v United Parcel Serv., Inc., 56 AD3d 1187, 1187-1188 [4th Dept 2008]; cf. Battaglia v MDC Concourse Ctr., LLC, 175 AD3d 1026, 1027 [4th Dept 2019], affd 34 NY3d 1164 [2020]). In support of their motions, defendants submitted the deposition testimony of plaintiff, who testified that there was no precipitation at the time of the accident. Defendants also submitted a video of the accident showing that it was only lightly raining and there was no snow on the ground in front of the relevant properties, although there were small mounds of old accumulated snow near the road. Inasmuch as defendants failed to meet their initial burden, the court properly denied their motions without regard to the sufficiency of plaintiff's opposing papers (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court